Wardell PATTERSON, Appellant,

v.

Unknown PEARSON, Appellee.

No. 93–2905.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1994.

Decided March 25, 1994.

---

**440**

Wardell Patterson, pro se.

John F. Brink, St. Louis, MO, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Wardell Patterson, a state prisoner, filed this 42 U.S.C. § 1983 action against Dr. William Pearson, the prison dentist, alleging deliberate indifference to Patterson's serious dental needs. Patterson appeals the district court's grant of summary judgment in favor of Dr. Pearson. We reverse.

Patterson alleges that he began suffering pain in his upper jaw on February 13, 1992, after Dr. Pearson filled a tooth. On March 19, Patterson's functional unit manager, Wright, called Dr. Pearson and told him that Patterson was suffering from severe pain, headaches, and swelling, and needed an extraction immediately. Dr. Pearson replied that Patterson should complete a "sick call request." Patterson promptly submitted a written request stating:

> Dentist: need tooth pulled that became loosened when you filled it. This is an emergency, I'm in immense pain daily.

When he received no attention, Patterson submitted another request on March 26, which stated:

> Severe pain from tooth filled in February that was loosened during the filling process. You adviced [sic] me to inform you of any difficulty with this tooth.

On the morning of April 7, Patterson showed Wright his swollen jaw, advised him that he was in excruciating pain, and asked for emergency medical care. Another prison officer called Dr. Pearson around 1:45 p.m. and explained that Patterson was experiencing severe pain and swelling. Dr. Pearson responded that Wright should call him. On April 8, when Patterson awoke with an extremely swollen jaw and pus coming from his eye, Wright again called Dr. Pearson, who responded that he would see Patterson on April 15 and that Patterson should take Tylenol in the meantime. Patterson then called his family, who complained to the Department of Social Services. The Department of Corrections told the family that Patterson would be seen that day. Dr. Pearson saw Patterson at 1:00 p.m. on April 8 and prescribed Amoxicillin and Tylenol. On April 15, 1992, Dr. Pearson extracted a tooth.

Dr. Pearson moved for summary judgment, submitting supporting materials tending to prove the following: Dr. Pearson filled one of Patterson's teeth on February 6, 1992. Patterson submitted a request for an extraction on March 19, and the dental unit scheduled an appointment for April 9. Patterson submitted another request on March 26, and was given another appointment for April 15. Dr. Pearson examined Patterson on April 8, discovered an infection in the tooth previously filled, and prescribed an antibiotic for the swelling and Tylenol for the pain. Dr. Pearson extracted the tooth one week later.

The district court granted Dr. Pearson's summary judgment motion, concluding that at most Patterson disagreed with the adequacy of and delay in his dental treatment, which does not establish an Eighth Amendment violation. Reviewing the district court's grant of summary judgment de novo, and viewing the facts in the light most favorable to the non-moving party, we must disagree. On this summary judgment record, the case is indistinguishable from *Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir.1984) (summary judgment reversed because refusal to provide follow-up dental care for three weeks despite knowledge inmate suffering severe pain "could support a finding of an eighth amendment deprivation in violation of section 1983"). *See also Hunt v. Dental Dep't*, 865 F.2d 198 (9th Cir.1989).

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.