Ronald Gene BOYD, Appellee,

v.

Ronald KNOX, Dr. of Dentistry, R. Dale Riley, Appellants,

Joni Corujo, Defendant,

Judy Hudson, Appellant,

D. Callin, I. Smith, M. Jennese, Jackie Canady, Tony Gammon, Defendants.

No. 94–2634.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1994.

Decided Feb. 15, 1995.

Orval Edwin Jones, Asst. Atty. Gen., Jefferson City, MO, argued (John R. Munich, on the brief), for appellants.

Margaret Hart–Mahon, St. Louis, MO, argued (Richard A. Mueller, on the brief), for appellee.

Before MAGILL and BEAM, Circuit Judges, and SHANAHAN *, District Judge.

BEAM, Circuit Judge.

Ronald Gene Boyd, a state prisoner, filed this 42 U.S.C. § 1983 action against various prison officials, alleging deliberate indifference to a serious medical need. Three defendants moved for summary judgment, but the district court denied the motion. Those defendants appeal. We affirm in part and reverse in part.

## I. BACKGROUND

Boyd alleges that he began suffering pain in his jaw on June 1, 1991. He filed a medical services request and asked to see the prison dentist, Dr. Ronald Knox. On June

16, having received no response, Boyd filed another request. On June 17, after a prison guard called the medical unit on Boyd's behalf, Boyd was examined by a dental assistant. In the medical file, the dental assistant noted that there was a "consult" needed with respect to one of Boyd's teeth, and she gave Boyd some Tylenol. On June 25, after still more requests for treatment, Boyd received an antibiotic and an anti-inflammatory painkiller.

On June 27, Boyd was examined by Dr. Knox. Knox advised Boyd that he had an impacted wisdom tooth and an infection in his mouth. Knox informed Boyd that the tooth would not be removed for approximately four to six weeks.

During July, Boyd repeatedly complained of pain and swelling in his mouth, and filed several more medical services requests. Intermittently, Boyd received hydrogen peroxide, painkillers, and some antibiotics. In early August, Boyd was again examined by Knox, who told Boyd that he should be seeing someone "anytime now." Joint Appendix at 93.

On September 24, a prison guard informed Boyd that he would be taken to a dental surgeon outside the prison later that day. The appointment was rescheduled, however, when it was discovered that Boyd had eaten breakfast; apparently, no one told Boyd that he should not eat before his appointment. On October 8, 1991, Boyd's tooth was finally removed.

On November 24, 1993, Boyd filed this section 1983 action, naming nine prison officials as defendants. This appeal involves only three defendants: Knox, R. Dale Riley, and Judy Hudson. Riley is the Director of the Division of Classification and Treatment for the Missouri Department of Corrections. Hudson is the Chief of Nursing Services for the Missouri Department of Corrections.

Knox, Riley, and Hudson filed a motion for summary judgment, alleging qualified immunity. In support of this motion, each defendant submitted an affidavit. The affidavits

* The Honorable THOMAS M. SHANAHAN, United States District Judge for the District of Nebraska, sitting by designation.

of Riley and Hudson are almost identical; each affidavit states that the affiant had no involvement in or control over Boyd's treatment and referral. Knox's affidavit states that he became aware of Boyd's condition at the first examination on June 27, 1991, and that he filled out a referral form on July 16, 1991. The affidavit further states that Knox had no control over the authorization or scheduling of Boyd's outside appointment.

The district court denied the defendants' motion for summary judgment. The defendants then appealed the issue of qualified immunity.

## II. DISCUSSION

■ An order denying summary judgment on the basis of qualified immunity is immediately appealable. *Henderson v. Baird,* 29 F.3d 464, 467 (8th Cir.1994). *See Mitchell v. Forsyth,* 472 U.S. 511, 527, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985). We review such an order de novo. *Henderson,* 29 F.3d at 467.

■ Qualified immunity requires a two-part analysis. *Munz v. Michael,* 28 F.3d 795, 799 (8th Cir.1994). *See Siegert v. Gilley,* 500 U.S. 226, 231–32, 111 S.Ct. 1789, 1792–93, 114 L.Ed.2d 277 (1991). First, we must determine whether the plaintiff has alleged the violation of a constitutional right. *Munz,* 28 F.3d at 799. Second, we must determine whether that right was clearly established at the time of the alleged violation. *Id.*

■ It has long been established that prison officials violate a prisoner's ·Eighth Amendment right to be free from cruel and unusual punishment when the officials are deliberately indifferent to the prisoner's serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The primary issue in the present appeal is whether the facts dem-

onstrate deliberate indifference. A prison official exhibits deliberate indifference when the official actually "knows of and disregards" a prisoner's serious medical needs. *See Farmer v. Brennan,* — U.S. —, —, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). A prison official's knowledge may be established by circumstantial evidence: a factfinder may conclude that the official knew of a prisoner's serious medical needs based on the fact that the needs were obvious. *See id.* at —, 114 S.Ct. at 1981.

Boyd first argues that Riley and Hudson were deliberately indifferent in failing to provide adequate supervision. Riley and Hudson counter that there is no evidence connecting them to the alleged mistreatment of Boyd, and that therefore there has been no showing of their deliberate indifference. We agree.

■ In the section 1983 context, supervisor liability is limited. A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions. *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, a supervisor incurs liability for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference[1] toward the violation. *Choate v. Lockhart,* 7 F.3d 1370, 1376 (8th Cir.1993). " 'The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see.' " *Ripson v. Alles,* 21 F.3d 805, 809 (8th Cir.1994) (quoting *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988)).

■ In their affidavits, Riley and Hudson effectively disclaim any knowledge of Boyd's treatment. Although Boyd alleged in his complaint that Riley and Hudson were "aware of the deliberate and unreasonable delays in the refusal of care" by the other

---

1. Boyd argues, citing *Howard v. Adkison,* 887 F.2d 134 (8th Cir.1989), that a supervisor's corrective inaction amounts to deliberate indifference when the supervisor knew or should have known about the violation. Appellee's brief at 23. This argument is expressly foreclosed by *Farmer v. Brennan,* — U.S. —, —————, 114 S.Ct. 1970, 1978–79, 128 L.Ed.2d 811 (1994). In an extreme case, we recognize, con-

stitutional violations might be so obvious that a factfinder could determine that the supervisor actually knew of the violations. *See, e.g., Johnson v. Bowers,* 884 F.2d 1053, 1056 (8th Cir. 1989) (where injury occurred in prison context, and prisoner suffered nine-year delay since the original recommendation of surgery, the prison officials exhibited deliberate indifference). This is not such a case.

defendants, and although he made similar statements in an affidavit, Boyd has not supported any of these allegations or statements with concrete facts. Essentially, Boyd has failed to offer any proof that the two supervisors knew about his condition, let alone that they were deliberately indifferent to his serious medical needs. Thus, Boyd has not established that Riley and Hudson violated his constitutional rights. Riley and Hudson are entitled to qualified immunity, and we reverse the judgment of the district court as to these two defendants.

Boyd next argues that Knox was deliberately indifferent in failing, among other things, to refer him to an oral surgeon in a timely manner. Knox argues that his actions did not amount to deliberate indifference because he referred Boyd to an outside physician. We disagree.

■ Knox examined Boyd's impacted and infected wisdom tooth on June 27, 1991. At that time, Boyd's mouth was so swollen he could barely open it. In addition, pus regularly oozed from the infection. Knox decided to refer Boyd to an oral surgeon and, according to Knox, "[a]fter medical staff completed the appropriate request for patient referral/consultation," he reviewed and signed the referral request on July 16, 1991.

Despite Knox's knowledge of Boyd's pain and suffering, Knox waited three weeks to complete a referral form. A three-week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983. *Patterson v. Pearson,* 19 F.3d 439 (8th Cir.1994). Accordingly, we conclude that there is a genuine issue of material fact as to whether Knox exhibited deliberate indifference to Boyd's serious medical needs. Knox is not entitled to summary judgment on the issue of qualified immunity, and we affirm the judgment of the district court as to this defendant.

### III. CONCLUSION

Because there is no proof that defendants Riley and Hudson knew of and disregarded Boyd's serious medical needs, those two defendants are entitled to qualified immunity.

However, defendant Knox knew of the serious medical needs, and there is a genuine issue as to whether he disregarded those needs. Therefore, Knox is not entitled to summary judgment on the issue of qualified immunity. Accordingly, the judgment of the district court denying summary judgment is reversed in part and affirmed in part. The case is remanded for further proceedings consistent with this opinion.