ROSENBAUM, District Judge,
concurring specially.
I join the Court’s opinion, but write separately to address the constitutional question underlying the issue of qualified immunity. In my view, our jurisprudence demands a first determination of whether the claimed constitutional right, in fact, exists. We have missed this required first step in the qualified immunity analysis.
This court has consistently ruled that, “[i]n order to determine whether a defendant is entitled to qualified immunity, we engage in a two-part analysis.” Manzano v. South Dakota Dep’t of Social Servs., 60 F.3d 505, 509 (8th Cir.1995) (citing Boyd v. Knox, 47 F.3d 966, 968 (8th Cir.1995)); see also Siegert v. Gilley, 500 U.S. 226, 231-32, 111 S.Ct. 1789, 1792-93, 114 L.Ed.2d 277 (1991). “First, we must determine whether the plaintiff has alleged the violation of a constitutional right.” Manzano, 60 F.3d at 509. In my view, we have neglected this determination. It is not until we have made this required decision that we analyze whether such right was clearly established at the time of its alleged violation. Manzano, 60 F.3d at 509.
I would find, consistent with Ayeni v. Mottola, 35 F.3d 680, 686 (2d Cir.1994), cert. denied, — U.S. -, 115 S.Ct. 1689, 131 L.Ed.2d 554 (1995), that police officials executing a search warrant violate a resident’s Fourth Amendment rights, when they admit representatives of the public media into a private citizen’s home, without first securing the resident’s express consent.
Having recognized this right, I would join the court and determine these officers did not violate a constitutional right which was clearly established at the time they allowed the television news crew to enter the Par-kers’ home.