# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1918

_____

Alonzo Gilliam,                                    *
                                                   *
            Appellant,                             *
                                                   *
      v.                                           *
                                                   *
Randall Morgan, Warden, Maximum                    *
Security Unit, Arkansas Department                 *
of Correction; Steve Outlaw, Deputy               *
Warden, Maximum Security Unit,                     *
Arkansas Department of Correction,                 *
originally sued as Stephen Outlaw;                 *   Appeal from the United States
Richard Wimberly, Chief Security                   *   District Court for the
Officer, Maximum Security Unit,                    *   Eastern District of Arkansas.
Arkansas Department of Correction;                 *        [UNPUBLISHED]
Wendell Woods, Captain, Arkansas                   *
Department of Correction, originally              *
sued as Woods; Charles McIntosh,                   *
Classification Officer, Arkansas                   *
Department of Correction, originally              *
sued as McIntosh,                                  *
                                                   *
            Appellees.                             *

_____

Submitted:  September 28, 1998

Filed:   October 29, 1998

_____

Before WOLLMAN, HANSEN, and KELLY,[1] Circuit Judges.
_____

PER CURIAM.

Alonzo Gilliam, an Arkansas inmate, appeals from the district court's[2] dismissal of his 42 U.S.C. § 1983 claim following an evidentiary hearing before a magistrate judge. Gilliam claimed that the defendants failed to protect him from an assault by another inmate assigned to the same work area as Gilliam. Having reviewed the record, we conclude dismissal was proper. Gilliam offered no evidence for holding certain of the named defendants liable other than on a respondeat superior basis. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (supervisor cannot be held liable on respondeat superior theory; to be liable supervisor must be personally involved in violation or his corrective inaction amounts to deliberate indifference toward violation). As to those defendants who had some personal involvement in the events preceding the assault, Gilliam failed to offer evidence that they were aware that the assaulting inmate was likely to direct an attack against Gilliam, because the inmate was neither on Gilliam's "enemy alert list" nor abusive to him in the past. Cf. Davis v. Scott, 94 F.3d 444, 446-47 (8th Cir. 1996) (no Eighth Amendment violation when prison informant attacked after return to general population, because no "solid evidence" that anyone in general population presented "identifiable serious risk" to his safety). We also reject Gilliam's argument that he is entitled to reversal because he did not obtain all of the discovery documents he requested from defendants.

---

[1]The Honorable John D. Kelly died on October 21, 1998. This opinion is consistent with the views he expressed on the date the case was submitted.

[2]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.