# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4185WM

_____

| | | |
|---|---|---|
| Percy J. Cooper, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Dora B. Schriro; Mike Groose, | * | On Appeal from the United |
| Superintendent; Lisa Jones; Sherie | * | States District Court |
| Koeneman; Mike Kemna; Jean Ann | * | for the Western District |
| Johnson; Russell Hollowell; Heather | * | of Missouri. |
| Townsend; E. Ruppel; Mark Clark; | * | |
| Phillips, Lt.; Terry Page; S. Kroush; | * | [To Be Published] |
| Lori Burke; Larry Williams; S. | * | |
| Saunders; H. Wood; J. Weir; | * | |
| Marsha Urick; N. Karn; William | * | |
| Hughes; Rhonda Almanze; Mark | * | |
| Major; Kelly Peterie; Vivian | * | |
| Conway; and M. Hunter, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 4, 1999
Filed:   September 9, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Missouri prisoner Percy J. Cooper filed a 42 U.S.C. § 1983 complaint of more than thirty pages, which listed as defendants twenty-four Department of Corrections (DOC) employees and two Correctional Medical Services employees. The District Court granted Cooper provisional leave to proceed in forma pauperis (IFP); stated that Cooper's complaint did not conform with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement; and explained to Cooper that he could file an amended complaint on court-approved forms, but his failure to do so would result in dismissal.

Cooper then filed an amended complaint on a section 1983 complaint form. He named as defendants "Michael Kemna et al." and referenced the original complaint in the section titled "Parties to this civil action." In the "Statement of claim" and "Relief" sections, Cooper wrote "See: Attach" and "See: Original Complaint." Cooper attached a statement in which he alleged that as a result of defendants' actions "as set forth in [his] original complaint," his "parole release date" was being deferred; his assignment to administrative segregation was continuing; he was suffering from "severe toothaches"; he had been denied access to media, legal, and religious material; he had been sanctioned for "false violations"; and he had been denied redress through administrative remedies, all of which caused him physical and psychological injury in violation of both the state and federal constitutions.

The Court dismissed Cooper's amended complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim, declaring that the complaint "contain[ed] no description whatsoever of how the 26 named defendants" personally violated Cooper's constitutional rights. Cooper appealed and was granted IFP status; both Cooper and the defendants employed by the State of Missouri have filed briefs. Cooper argues that the "district court erred in not giving [his] complaint a liberal construction" and that he was denied access to the court and legal assistance. For the reasons stated below, we affirm in part, reverse in part, and remand the action to the District Court.

We agree with defendants that Cooper's amended complaint, viewed without reference to the original complaint, does not state a claim for relief, as the only defendant Cooper named was Kemna "et al.," and Cooper did not explain how Kemna was responsible for the alleged violations of his rights. See Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995) (complaint which did not indicate how defendants were involved in alleged violations and was conclusory failed to meet notice-pleading standard). It seems clear, however, that Cooper intended to have the two complaints read together; and it appears the District Court considered the original complaint to some extent because the dismissal order references "26 named defendants," whereas the amended complaint lists only Kemna "et al." as defendants. In any event, we believe Cooper's original complaint is lengthy not because he failed to state his claims concisely or in compliance with Rule 8, but because he named so many defendants. Cf. Tatum v. Iowa, 822 F.2d 808, 810 (8th Cir. 1987) (per curiam) ("While all pleadings are to be construed to do substantial justice . . . the pleading must at a minimum be sufficient to give the defendant notice of the claim.").

Upon de novo review of the original complaint, see McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ( dismissal under § 1915A for failure to state claim is reviewed de novo), we believe Cooper stated claims for relief against several defendants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se litigant's allegations are construed liberally).

We conclude that Cooper stated a claim against health care administrator Rhonda Almanza for deliberate indifference to serious medical and dental needs in violation of the Eighth Amendment, as Cooper alleged he filed a medical service request regarding his painful dental problems (decayed and cracked teeth) and was refused treatment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (Eighth Amendment violated where prison officials are deliberately indifferent to prisoner's serious medical needs); Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (delay in

dental care coupled with knowledge of patient's pain can support Eighth Amendment claim).

We also conclude Cooper stated a claim against "Function Unit Manager" (FUM) Russell Hollowell for denying him access to printed materials, including "all magazines" and legal and religious materials, in violation of the First Amendment. Prison regulations which restrict an inmate's access to publications are valid under the Constitution if "reasonably related to legitimate penological interests." See Dawson v. Scurr, 986 F.2d 257, 259-60, 263 (8th Cir.) (internal quotation omitted) (upholding Iowa regulations limiting access to sexually explicit materials), cert. denied, 510 U.S. 884 (1993). Given Cooper's allegation that he was denied all magazines as well as copies of other specific publications, we believe the prison would be obligated to proffer a legitimate reason for any decision to deny Cooper access to these materials. Related to this claim, we conclude Cooper's allegation that DOC director Dora Schriro authorized the denial of printed materials to inmates is sufficiently specific to state a section 1983 claim for actions allegedly taken directly by her. See Boyd, 47 F.3d at 968 (supervisor may not incur liability on theory of respondeat superior; "supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" to it (internal quotation and citation omitted)).

Next, Cooper's allegations against corrections officers N. Karn, Mark Major, William Hughes, and M. Hunter--that Karn shut off his water for five days and the others threatened his safety, all because he used the prison grievance system--are sufficient to state a retaliation claim. See Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (otherwise proper acts are actionable under § 1983 if taken in retaliation for exercise of constitutionally protected right); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (recognizing right to petition for redress of grievances under established prison grievance system); Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978) (per curiam) (threat to prisoner may state claim of denial of access to courts if threats were intended to intimidate inmate from exercising that right), cert. denied, 441 U.S.

913 (1979). Cooper did not, however, state a claim as to superintendent Michael Kemna based on his allegation that he "belie[ved]" Kemna ordered officers to file false violations against him in retaliation for his grievances. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (speculative and conclusory allegations cannot support retaliation claim).

Last, Cooper did not state that the punishment he received following hearings in front of Disciplinary Hearing Officer E. Ruppel and FUM S. Kroush was overturned or in any way invalidated; therefore, his claim for damages and declaratory relief is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), although, assuming Cooper has standing, his claim for injunctive relief--enjoining defendants from conducting hearings that lack constitutionally required process in the future--survives because such relief would not call into question the underlying punishment. See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Cooper's other allegations simply failed to allege the violation of a federal right, see Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (§ 1983 plaintiff must allege violation of federal statutory or constitutional right), or lacked sufficient specificity under even the most liberal pleading requirements, see Martin v Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (pro se pleading must contain specific facts supporting its conclusions), and were properly dismissed for failure to state a claim.

Accordingly, we affirm in part, and reverse and remand in part.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-