# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3739EM

_____

| | | |
|---|---|---|
| Melvin Leroy Tyler; Darlene F. Chambers; James W. Chambers; Neil Schleeper; Bernard E. Bailey; Frank Kevin Pool, | * * * * * | |
| Appellants, | * * | On Appeal from the United States District Court |
| v. | * * | for the Eastern District of Missouri. |
| Mel Carnahan; Jay Nixon; State of Missouri; Denise Thomas; Stephan Hawke; Duane Benton; Troy Hyde; Dora Schriro; and Cranston Mitchell, Chairman of the Missouri Board of Probation and Parole, | * * * * * * | [To Be Published] |
| Appellees. | * | |

_____

Submitted: October 6, 2000

Filed: October 18, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Missouri inmates Melvin Leroy Tyler, James Chambers, Neil Schleeper, Bernard Bailey, and Frank Kevin Pool (the inmates), and Darlene Chambers, Chambers's wife, appeal the dismissal of their 42 U.S.C. § 1983 complaint. Appellants' verified complaint raised due process claims related to state post-conviction, parole, and clemency procedures; challenged the constitutionality of federal and state statutory provisions for collecting fees in prisoner lawsuits; and asserted civil rights claims relating to privacy, property, access to the courts, and conditions of confinement. Appellants additionally have raised several procedural issues on appeal.

Appellants' procedural issues and challenges to the constitutionality of the federal and state filing-fee statutes are meritless; the due process claims fail; all but one of the inmates' conditions-of-confinement claims fail to state an Eighth Amendment violation; and the claims against the judge and the prosecutor are either barred by judicial and prosecutorial immunity, or fail to allege the violation of a constitutional right. As to all of these claims, we affirm the decision of the District Court.

We hold however, that Mr. Bailey stated a claim upon which relief may be granted. Bailey alleged that defendant Dora Schriro, Director of the Missouri Department of Corrections (DOC), through the DOC mental health program, forced him to stay in a special-needs unit at the Potosi Correctional Center, and that when he protested to her about his continued confinement he was "locked down" without sunlight, recreation, or fresh air. He claimed that he was denied access to the prison grievance system, forced to undergo involuntary medical treatment, and denied consideration for community placement and parole because of his mental health classification, and that when he wrote letters to Schriro's office to protest his confinement he was "terrorize[d]" further. He also claimed that Schriro was "fully aware that [he was] being harassed . . . over his protest." On the basis of these allegations, we conclude that Bailey has stated a retaliation claim against Schriro. See Cooper v. Schriro, 189 F.3d 781, 784 (8th Cir. 1999) (per curiam) (allegations that prison officials shut off inmate's water for five days and threatened inmate's safety

were sufficient to state a retaliation claim); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (to be liable under § 1983, "supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" to it (internal quotation and citation omitted)); <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1206 (8th Cir. 1990) (act in retaliation for exercise of constitutionally protected right is actionable under § 1983 even if act would have been proper if taken for another reason).

Accordingly, we affirm the judgment of the District Court as to all claims except Bailey's retaliation claim. We reverse with respect to the retaliation claim and remand it to the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.