# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3415

_____

| | | |
|---|---|---|
| William Thomas Meloy, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Kathy Bachmeier; | * | of North Dakota. |
| | * | |
| Defendant-Appellant, | * | |
| | * | |
| Dr. Bernard J. O'Neill, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: June 10, 2002

Filed: September 11, 2002

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

FAGG, Circuit Judge.

William Thomas Meloy, a former inmate at the North Dakota State Penitentiary (NDSP), brought this 42 U.S.C. § 1983 action against Dr. Bernard J. O'Neill, an NDSP doctor, and Kathy Bachmeier, a nurse who is the NDSP's Director of Medical Services, alleging they violated his civil rights by failing to provide him with a continuous positive air pressure machine (CPAP) to treat his obstructive sleep apnea

(OSA), a condition that causes him to stop breathing while he sleeps. Meloy alleged the failure was deliberate indifference to his serious medical needs and violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, with respect to Bachmeier, Meloy alleged Bachmeier knew Dr. O'Neill provided inadequate care to inmates and "allowed that lack of care and treatment to continue to include the treatment received by Meloy in a potentially life threatening situation." Meloy also alleged Backmeier failed to object to Dr. O'Neill's inadequate care, allowing Meloy "to continue to suffer when she had significant information that would bring her to the conclusion that something was not right." Finally, Meloy alleged that Bachmeier failed in her responsibilities by insisting that Meloy buy his own CPAP when she knew he lacked the funds to do so.

The district court dismissed the action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. We affirmed the dismissal of claims against some parties, but reversed the dismissal of claims against Bachmeier and O'Neill. Meloy v. Schuetzle, No. 99-2122, 2000 WL 1160446, at *2 (8th Cir. Aug. 17, 2000). We stated that "[b]ased on the allegations of his complaint, it is possible Meloy could prove facts demonstrating Bachmeier and/or O'Neill knew of and deliberately disregarded Meloy's need for a CPAP, and their conduct violated his Eighth Amendment rights." Id. We also commented that our decision would not preclude summary judgment if Meloy could not establish the requisite facts. Id. Bachmeier later moved for summary judgment based in part on qualified immunity, asserting she relied on the doctor's orders. The district court denied Bachmeier's motion, finding factual issues precluded summary judgment. The court also concluded qualified immunity was inappropriate. The district court believed that "because of her training, supervisory duties, and actual knowledge of Meloy's condition, Bachmeier [could] not escape liability merely by claiming she followed orders." On appeal, Bachmeier contends she is entitled to qualified immunity.

We state the facts in the light most favorable to Meloy. Erickson v. Holloway, 77 F.3d 1078, 1079 (8th Cir. 1996). As director of medical services at NDSP, Bachmeier ensures "inmates are provided equity and consistency in their medical services" and arranges for inmates to be seen by medical personnel and treated accordingly. She is a nurse, but does not examine or take care of patients herself. Instead, an NDSP staff nurse interviews inmates, takes notes and vital signs, and relays the inmates' problems to a staff doctor, who examines them and decides on treatment or, if needed, referral to a specialist. When Meloy was admitted to the NDSP on March 31, 1998, he completed intake health forms indicating that he suffers from OSA and that his doctor prescribed nightly CPAP use to treat it. Meloy signed forms authorizing the NDSP to obtain his health records. On April 1, 1998, Meloy was examined by a staff nurse and complained of pressure in his chest. Dr. O'Neill examined Meloy the next day and diagosed OSA. Although Dr. O'Neill stated Meloy could use his own CPAP if available, Dr. O'Neill did not prescribe a CPAP for Meloy. On April 6 or 7, the NDSP received Meloy's earlier medical records, which detail Meloy's diagnosis of OSA and the prescription of nightly CPAP use. Dr. O'Neill reviewed the records and stood by his earlier treatment instructions. Meloy sent Bachmeier an inmate request on April 12 indicating his OSA and lack of CPAP were causing him problems. In accordance with Dr. O'Neill's order, Bachmeier responded that Meloy could use a CPAP in prison if he provided his own machine. Meloy was admitted to the NDSP infirmary on April 18 with chest pains. He remained there until May 8, when he saw a cardiologist, who recommended that Meloy "be placed on CPAP on a nightly basis to avoid severe and life threatening complications of sleep apnea and/or that he be able to maintain the head of his bed at approximately 45 degrees." As the cardiologist directed, Meloy received a CPAP within a few hours.

Qualified immunity protects government officials performing discretionary actions from liability in a § 1983 action unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have

known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In reviewing the qualified immunity issue, we must initially consider whether, taken in the light most favorable to Meloy, the facts alleged show Bachmeier violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). Here, in reversing a dismissal of Meloy's complaint for failure to state a claim, an earlier panel already decided that if Meloy could prove allegations in his complaint, he could show Bachmeier violated his Eighth Amendment rights. Meloy v. Schuetzle, No. 99-2122, 2000 WL 1160446, at *2 (8th Cir. Aug. 17, 2000). Thus, we proceed to the second qualified immunity question: whether the right was clearly established. Saucier, 533 U.S. at 201. In her appeal, Bachmeier contends the law was not clearly established that she could not rely on a doctor's order that the prison need not provide a CPAP to treat Meloy's OSA. Contrary to Meloy's assertion, we have jurisdiction to decide this question. Sexton v. Martin, 210 F.3d 905, 914-15 (8th Cir. 2000).

To be clearly established, a right's contours must be clear enough that a reasonable official would understand his or her conduct was unconstitutional. Hope v. Pelzer, 122 S. Ct. 2508, 2515 (2002). We apply a "'flexible standard, requiring some, but not precise factual correspondence with precedent, and [application of] general, well-developed legal principles.'" Burton v. Richmond, 276 F.3d 973, 976 (8th Cir. 2002) (quoting J.H.H. v. O'Hara, 878 F.2d 240, 243 (8th Cir. 1989)). "We . . . look to all available decisional law, including decisions from other courts, federal and state, when there is no binding precedent in this circuit." Vaughn v. Ruoff, 253 F.3d 1124, 1129 (8th Cir. 2001). Although earlier cases need not involve fundamentally or materially similar facts, the earlier cases must give officials "fair warning that their alleged treatment of [the plaintiff] was unconstitutional." Hope, 122 S. Ct. at 2516.

At the time of Bachmeier's actions, the law was clearly established that a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Jolly v.

Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). To establish deliberate indifference, a prisoner must prove he had objectively serious medical needs and the official actually knew of but deliberately disregarded those needs. Jolly, 205 F.3d at 1096. Deliberate indifference may be manifested by prison doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment. Estelle, 429 U.S. at 104-05. We have held a supervisor is only liable "for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (footnote omitted). "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye [to it]." Id. (internal quotation marks omitted). Likewise, other courts have stated supervisory officials are liable under § 1983 only if they fail promptly to provide an inmate with needed medical care, they deliberately interfere with the prison doctors' performance, or they tacitly authorize or are indifferent to the prison doctors' constitutional violations. E.g., Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions. Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Prison officials cannot substitute their judgment for a medical professional's prescription. Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000).

We conclude Bachmeier's adherence to Dr. O'Neill's order that the prison need not provide Meloy a CPAP was objectively reasonable in light of the legal rules in place at the time of her adherence. Bachmeier had some medical training as a nurse, but she was functioning in an administrative role. Bachmeier was not responsible for examining Meloy or treating him herself. Although Meloy personally told Bachmeier about his condition and his need for a CPAP, Bachmeier relied on the opinion of prison doctors, who had more medical training, about the necessary treatment for Meloy's OSA. Bachmeier followed Dr. O'Neill's order that a CPAP was

unnecessary, and followed the cardiologist's order that the prison should provide one. Bachmeier did not deny Meloy access to medical care by prison doctors and medical staff, and did not interfere with that care or the prescribed treatment. See Estelle, 429 U.S. at 104-05. Thus, Bachmeier was not personally involved in an Eighth Amendment violation. As for Bachmeier's liability in her role as a supervisor, we cannot say the law was clearly established that Bachmeier's failure to override Dr. O'Neill's treatment order constituted deliberate indifference to any Eighth Amendment violation by him. The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that Bachmeier was deliberately indifferent to Meloy's serious medical needs, Bachmeier is entitled to qualified immunity.

We thus reverse and remand for further proceedings consistent with this opinion. Having granted Bachmeier relief in her appeal, we must deny Meloy's motion seeking double attorney's fees and double costs for frivolous appeals under Fed. R. App. P. 38.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-