# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3501

_____

| | | |
|---|---|---|
| David A. Waff, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Joseph P. Kerkhove, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| James E. Smith, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Lewis E. Ashker, individually and on | * | Appeal from the United States |
| behalf of all other persons similarly | * | District Court for the District |
| situated, | * | of South Dakota. |
| | * | |
| Appellants, | * | [UNPUBLISHED] |
| | * | |
| v. | * | |
| | * | |
| South Dakota Department of | * | |
| Corrections; Jeff Bloomberg, Secretary | * | |
| of Corrections; Douglas L. Weber, | * | |
| Warden, South Dakota State | * | |
| Penitentiary; Joseph P. Class, | * | |
| Former Warden South Dakota State | * | |
| Penitentiary; Steve Lee, Deputy | * | |
| Warden; Owen Spurrell, Asc. Warden | * | |
| of Security, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 25, 2002

Filed:   November 25, 2002
_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
      Judges.

_____

PER CURIAM.

South Dakota inmates Joseph P. Kerkhove and Lewis E. Ashker[1] appeal from the district court's pre-service dismissal without prejudice of their civil rights action. Having carefully reviewed the record, see Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam), we affirm in part and reverse in part.

Mr. Kerkhove and Mr. Ashker brought this action seeking injunctive and declaratory relief against the South Dakota Department of Corrections (SDDC) and its secretary, and various South Dakota State Penitentiary (SDSP) officials. In their verified complaint and supporting affidavits, plaintiffs claimed violations of state and federal law--deprivation of property, cruel and unusual punishment, violation of the South Dakota Constitution, and denial of due process and equal protection as well as access to the courts--based on the following allegations. Due to a change in policy regarding memory and disk-based typewriters, word processors, and computers (collectively, machines), plaintiffs were forced to abandon their machines, upon which they had stored legal work and strategies and had collected case law and information for complaints. Defendants also had failed to provide a sufficient number of law-trained persons or an adequate law library, and had permanently closed law libraries in certain SDDC institutions. Finally, defendants had instituted a policy and

_____

[1]James E. Smith and David A. Waff have been dismissed from this appeal.

practice authorizing SDSP employees to search and inspect, without justification, plaintiffs' legal papers in their absence. Guards in fact had read plaintiffs' legal documents, denying that they had been instructed to refrain from doing so; one guard even stated that under official policy, legal materials received by inmates were deemed personal property subject to being read and confiscated. SDSP officials at times claimed that legal materials confiscated from plaintiffs had been "accidentally" lost or destroyed. Defendants thus gained, and would continue to gain, an unfair advantage in their ability to defend against plaintiffs' claims of constitutional violations.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Bounds, however, "did not create an abstract freestanding right to a law library or legal assistance"; rather, an inmate who alleges an access violation must show actual injury, i.e., "that a nonfrivolous legal claim had been frustrated or was being impeded." See Lewis v. Casey, 518 U.S. 343, 351-53 (1996).

We agree with the district court that the claimed violations of South Dakota law are not actionable under 42 U.S.C. § 1983. See Collins v. Bellinghausen, 153 F.3d 591, 596 (8th Cir. 1998) (violation of state law, without more, does not state § 1983 or federal constitutional claim). The legal-assistance claim was also properly dismissed, because plaintiffs did not plead actual injury attributable to the law-library and legal-staff deficiencies.

However, we disagree with the district court as to the claims concerning (1) access to the machines, and (2) the searches and confiscation of legal materials. Plaintiffs alleged that the denial of access to their machines hindered their efforts to pursue legal claims, and while the actual-injury allegations in their complaint were

somewhat conclusory, their affidavits added more detail, referring to the hindrance of habeas corpus litigation and a pending court action. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove "no set of facts" in support of claim which would entitle him to relief); Goff v. Nix, 113 F.3d 887, 892 (8th Cir. 1997) (taking of legal papers will often interfere with inmate's right of access to courts). Similarly, the allegations about missing legal materials being "accidentally" lost or destroyed, the failure to instruct guards to refrain from reading inmates' legal materials, and the searches and inspection of legal materials pursuant to policy and practice, were sufficient to state a section 1983 claim for supervisory liability. See Cody v. Weber, 256 F.3d 764, 768 (8th Cir. 2001) (inmate who asserted, in part, that defendants obtained unfair advantage in defending against inmate's claims of constitutional denials and violations by reading his legal papers, satisfied requirement of alleging actual injury); Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (inmate stated constitutional claim by alleging that officers opened his legal mail outside his presence); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (supervisory liability under § 1983 arises if supervisor knowingly facilitated, approved, condoned, or turned blind eye to unconstitutional conduct).

Accordingly, we affirm in part, and reverse and remand in part for further proceedings consistent with this opinion.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.