# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3736

_____

Raymond King, Sr., also known as  *
Raymond White,  *
  *
  Appellant,  *
  *
  v.  *
  *
Richard Busby, Sheriff of Crittenden  *
County, also known as Dick Busby;  *
Robert Cooper, Chief Deputy  *
Crittenden County Sheriff's  *
Department, also known as Bob  * Appeal from the United States
Cooper, Robert Harper, Sr.,  * District Court for the
Administrator, Crittenden County  * Eastern District of Arkansas
Detention Facility; Reginald Abram,  *
Assistant Administrator, Crittenden  * [UNPUBLISHED]
County Detention Facility; Otey,  *
Supervisor, Crittenden County  *
Detention Facility; Theresa Bonner,  *
Supervisor, Crittenden County  *
Detention Facility; Angie Whatley,  *
Nurse, Crittenden County Detention  *
Facility; Gordon, Office Supervisor,  *
Crittenden County Detention Facility;  *
Dill, Supervisor, Crittenden County  *
Detention Facility Defendants,  *
  *
  Appellees.  *

_____

Submitted: December 21, 2005
Filed: January 18, 2006

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.
_____

PER CURIAM.

Raymond King, a former pretrial detainee at the Crittenden County Jail and now an Arkansas inmate, appeals from the final judgment entered in the District Court for the Eastern District of Arkansas dismissing with prejudice his 42 U.S.C. § 1983 complaint after an evidentiary hearing. For reversal, King argues defendant Nurse Angie Whatley was never served, he did not have counsel at the hearing, he had wanted a jury trial, and his missed-medication claim in particular had merit. For the reasons discussed below, we affirm in part, reverse in part, and remand.

We find no error in the district court's failure to complete service of process on Nurse Whatley, given King's failure to provide her proper address. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (plaintiffs proceeding in forma pauperis are responsible for providing defendants' addresses), cert. denied, 510 U.S. 875 (1993). We also find no abuse of discretion in the district court's denial of King's motion for appointment of counsel, as King appeared capable of presenting his claims and received assistance from the district court at the evidentiary hearing. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (standard of review; relevant factors in appointing counsel).

Because King made an untimely request for a jury trial, we review the district court's factual findings for clear error and its legal conclusions de novo. See Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993) (standard of review of evidentiary hearing held when no jury demand was made). Only King's missed-medication claim warrants discussion.

King was housed at the Crittenden County Jail from July 2003 to April 2004. According to medication logs that defendants submitted, King did not receive his prescribed blood-pressure or pain medication twelve times from August 18 to October 17, 2003. How often he did not receive his medications after October 17 is unclear--in

-2-

part because defendants' medication logs covered only two of the ten months King was at the Jail--but King testified that he did not receive them "half the time," and according to his administrative grievances, he did not receive them at least twenty-six times from August 28, 2003, to March 8, 2004. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference includes intentional interference with prescribed treatment). The frequency of these missed doses, without further explanation at least raises an inference, that the failure to provide King's medication was more than an "inadvertent failure to provide adequate medical care." See id. at 105.

King identified which defendants were responsible for the missed medication: he grieved repeatedly to Chief Jailer Theresa Bonner, Chief Deputy Sheriff Robert Cooper, and Jail Administrator Robert Harper about missed doses of his blood-pressure and pain medication. These grievances tend to show that Bonner, Cooper, and Harper were aware of King's missed medication and may have failed to take corrective action because King continued to miss medication doses. See Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (supervisor is liable for Eighth Amendment violation only when he is personally involved in violation or when his corrective inaction constitutes deliberate indifference toward violation; supervisor must know about conduct and facilitate it, approve it, condone it, or turn blind eye to it). We are troubled by the district court's conclusion that King failed to show how the delays in receiving his medication harmed him. King testified that he suffered headaches and had to lie down when he did not receive his blood-pressure medication, and he asserts on appeal--rightly so--that he suffered pain from not receiving his pain medication.

Accordingly, we affirm the dismissal of all claims and defendants, except for the missed-medication claim as to defendants Bonner, Cooper, and Harper. We reverse the dismissal of this claim against these defendants, and we remand for further proceedings not inconsistent with this opinion.

_____