# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1868

_____

Chad DuBois,                *
                                   *
          Appellant,      *
                                   *   Appeal from the United States
   v.                     *   District Court for the
                                   *   District of South Dakota.
Robert Dooley, Warden, Mike Durfee  *
State Prison, in his official and     *   [UNPUBLISHED]
individual capacity; Mark Steil, in his *
official and individual capacity,    *
                                   *
          Appellees.      *

_____

Submitted: May 7, 2008
Filed: May 13, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

     South Dakota inmate Chad DuBois appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action claiming deliberate indifference to his serious medical needs. For the following reasons, we affirm.

_____

    [1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

Deliberate indifference may be exhibited by prison medical personnel in responding to prisoners' needs or by prison officials in intentionally denying or delaying access to care or interfering with prescribed treatment. See Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002). Here, DuBois did not show that physician assistant Mark Steil provided him inappropriate treatment, or that DuBois suffered any injury from a change in medication against his wishes. See Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006) (deliberate-indifference claim based on inadequate medical treatment requires proof that defendant knew of and disregarded excessive risks to inmate's health, and that injury in fact resulted); see also Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (inmate has no constitutional right to particular course of treatment, and his mere disagreement with medical treatment is not basis for § 1983 liability). Warden Robert Dooley undisputedly lacked medical training, and his only involvement was to respond to DuBois's administrative remedy request. See Meloy, 302 F.3d at 849 (noting that prison officials cannot substitute their judgment for medical professional's prescribed treatment); Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (supervisor liability occurs for Eighth Amendment violation when supervisor is personally involved in violation). We thus conclude that summary judgment was proper. See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (standard of review); Bloom v. Metro Heart Group of St. Louis, Inc., 440 F.3d 1025, 1028-29 (8th Cir. 2006) (speculation and conjecture do not create genuine issue of material fact).

We decline to consider arguments and issues DuBois did not raise in his initial brief, and he cannot amend his complaint on appeal. See Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004); Mahaney v. Warren County, 206 F.3d 770, 771 n.2 (8th Cir. 2000) (per curiam); Henry v. Dep't of Hous. & Urban Dev., 451 F.2d 355, 356 (8th Cir. 1971) (per curiam). Rather, he may file another action to pursue any new claims he believes he has.

Accordingly, we affirm the judgment and deny the pending motions.

_____