# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1431

_____

Delbert Mosely,     *
    *
       Appellant,     *
    *    Appeal from the United States
    v.     *    District Court for the Eastern
    *    District of Missouri.
S. K. Highsmith, Dr., Dentist;     *
Elizabeth Conley, Dr., Regional     *    [UNPUBLISHED]
Director, Correctional Medical     *
Services; Ernest Jackson, Dr., DMD,     *
MS, MCJ, DABFO, CMS; Gail     *
Wollberg, Director of Nursing, MECC;     *
Lori Young, Health Services     *
Administrator, MECC; CMS,     *
    *
       Appellees.     *

_____

Submitted: February 19, 2009
Filed: February 25, 2009

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Delbert Mosely appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action and the court's denial of his motion for reconsideration. We grant in forma pauperis status and leave fee collection to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). As to the

merits, we review de novo the preservice dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B), see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam); for abuse of discretion the dismissal of an IFP complaint as frivolous, see Robinson v. Cavanaugh, 20 F.3d 892, 894 (8th Cir. 1994) (per curiam); and for abuse of discretion the denial of a motion to reconsider, whether it is brought under Federal Rule of Civil Procedure 60(b), see Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 905 (8th Cir. 1997), or under Federal Rule of Civil Procedure 59(e), see Perkins v. U.S. W. Commc'ns, 138 F.3d 336, 340 (8th Cir. 1998). For the reasons discussed below, we reverse.

According to the complaint and its attached grievance documents, see Fed. R. Civ. P. 10(c) (copy of written instrument attached as exhibit to pleading is part of pleading for all purposes), Mosely repeatedly complained in medical service requests of tooth pain over a period of six months. Nevertheless, he was denied treatment for the tooth that was causing him pain, tooth #24, because he would not agree to the extraction of a different tooth which was diagnosed as being infected, but which was not bothering him and which he wished to retain. Meanwhile, tooth #24 deteriorated. A temporary crown eventually was placed on tooth #24, but the crown fell off and for over a year thereafter, defendants denied his requests for treatment and Mosely feared he would lose the tooth.

Unlike the district court, we do not view these allegations as alleging mere disagreement over the treatment of tooth #24. Rather, liberally construing the pro se complaint, see Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam), we view the complaint as alleging a complete failure to treat tooth #24 because Mosely would not agree to extraction of another tooth. This sufficiently states a claim that defendants knew of, yet deliberately disregarded, Mosely's serious dental needs. See Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004) (requirements for Eighth Amendment claim); cf. Harrison v. Barkley, 219 F.3d 132, 134, 136-38 (2d Cir. 2000) (reversing grant of summary judgment based on qualified immunity, and finding

Eighth Amendment violation, where prison dentist refused to treat inmate's tooth cavity only because inmate refused extraction of another diseased tooth; if left untreated, tooth with cavity will degenerate, likely cause severe pain, and eventually require extraction and perhaps further invasive treatment); Moore v. Jackson, 123 F.3d 1082, 1084-87 (8th Cir. 1997) (per curiam) (genuine issue of material fact existed on whether prison dentist knew of inmate's serious dental condition, where inmate repeatedly reported severe tooth pain in medical service requests and grievances, but care was delayed from April to December); Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (three-week delay in dental care, coupled with knowledge that inmate was suffering, can support Eighth Amendment violation); Patterson v. Pearson, 19 F.3d 439, 440 (8th Cir. 1994) (per curiam) (summary judgment reversed where there was evidence that dentist learned of inmate's tooth-related swelling, headache, and severe pain on March 19, but did not remove tooth until April 15). Further, Mosely alleged defendants refused him further treatment after he lost the temporary crown, but the district court did not address this allegation.

Mosely's allegations indicate that all the named individuals were personally involved. Cf. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (where plaintiff did not allege that defendant was personally involved in or had direct responsibility for incidents that injured him, his claims against such defendant were not cognizable under § 1983). As to Correctional Medical Services (CMS), one of Mosely's complaint attachments--a letter from defendant Dr. Earnest Jackson--describes the responsibility of CMS's dental service to prioritize treatment of serious conditions, thus suggesting the refusal to treat tooth #24 resulted from CMS's custom or practices. See Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (where corporation acts under color of state law, proper test for § 1983 liability is whether policy, custom, or action by those who represent official policy inflicted constitutional injury).

Accordingly, we reverse as to all defendants and remand for further proceedings consistent with this opinion.

_____