# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1562

_____

Stephen Curtiss

*Plaintiff - Appellee*

v.

Mary Benson; Janne Johnson

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: October 30, 2014
Filed: November 26, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

This is an interlocutory appeal from an order denying qualified immunity in an action brought under 42 U.S.C. § 1983 by Stephen Curtiss, who is civilly committed at the Iowa Civil Commitment Unit for Sexual Offenders (CCUSO). Curtiss, who has had no teeth since shortly after his 2008 admission to CCUSO, claimed that he was denied dentures in violation of his rights under the Fourteenth Amendment. See Scott

v. Benson, 742 F.3d 335, 339 (8th Cir. 2014) ("[W]here a [civilly committed] patient's Fourteenth Amendment claim is for constitutionally deficient medical care, we apply the deliberate indifference standard from the Eighth Amendment."). Defendants Mary Benson and Janne Johnson, advanced registered nurse practitioners at CCUSO, filed a motion for summary judgment based on qualified immunity. The District Court denied the motion, and Benson and Johnson appeal.

We conclude that defendants are entitled to qualified immunity as to Curtiss's claim for damages based on the denial of dentures. See Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (noting that state officials are protected from suit for money damages unless the plaintiff can show a violation of a statutory or constitutional right and that "was 'clearly established' at the time of the challenged conduct"); Langford v. Norris, 614 F.3d 445, 459 (8th Cir. 2010) (standard of review). Viewing the evidence in the light most favorable to Curtiss, there is no genuine issue of material fact on the question whether he can show a violation of his clearly established constitutional rights, that is, that the defendants were deliberately indifferent to a serious medical need. See Senty-Haugen v. Goodno, 462 F.3d 876, 889 (8th Cir. 2006), cert. denied, 549 U.S. 1348 (2007). There is no evidence in the record suggesting that either defendant knew and ignored that Curtiss was in pain, much less severe pain, as a result of his lack of teeth. There also is nothing in the record to suggest that either defendant had information from which she would have drawn the conclusion that because Curtiss had difficulty chewing certain foods without teeth, he was unable to obtain adequate nutrition, and Curtiss did not make this claim. Thus, a reasonable medical professional in the position of Benson or Johnson would not have known that denying Curtiss's request to be provided dentures would violate his clearly established constitutional rights. See Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (per curiam) (explaining that the "salient question" when determining whether rights are clearly established is whether the law at the time of the challenged conduct provided "fair warning" that the conduct was unconstitutional (citation to quoted case omitted)); Stoner v. Watlingten, 735 F.3d 799, 803 (8th Cir. 2013) ("In

determining whether the legal right at issue is clearly established, this circuit applies a flexible standard, requiring some, but not precise factual correspondence with precedent, and demanding that officials apply general, well-developed legal principles." (citations to quoted cases omitted)); cf. Hartsfield v. Colburn, 491 F.3d 394, 397 (8th Cir. 2007) (collecting cases reversing summary judgment for prison officials when those officials delayed providing dental care for inmates who showed signs of serious infection and who complained of severe pain).

We note that the doctrine of qualified immunity does not apply to Curtiss's claims for declaratory and injunctive relief. See Burnham v. Ianni, 119 F.3d 668, 673 n.7 (8th Cir. 1997) (en banc) (explaining that an appeal from the denial of qualified immunity implicated only liability for money damages and that qualified immunity would not protect the defendant from claims for injunctive or other equitable relief); Grantham v. Trickey, 21 F.3d 289, 295 (8th Cir. 1994) (stating that "qualified immunity does not apply to claims for equitable relief").

We reverse the denial of qualified immunity as to Curtiss's claim for damages based on the denial of dentures, and we remand the case for further proceedings on his remaining claims.

_____