BYE, Circuit Judge,
dissenting.
I disagree this Court should exercise jurisdiction to reverse the district court and find Smith and Benson (“the officials”) entitled to qualified immunity.
A denial of a summary judgment on the issue of qualified immunity is immediately appealable only to the “extent that it turns on an issue of law.” Brown v. Fortner, 518 F.3d 552, 557 (8th Cir.2008). This is not a case where we may resolve the question of qualified immunity as a matter of law. See Prosser v. Ross, 70 F.3d 1005 (8th Cir.1995); Crow v. Montgomery, 403 F.3d 598, 604 (8th Cir.2005) (Smith, J„ dissenting).
*938 The officials argue factual disputes on appeal, and the Court makes factual inferences in favor of the officials. The Court focuses on five undisputed facts which it believes require a finding that the officials were not deliberately indifferent to a serious medical need. These facts do not support this Court exercising jurisdiction and reversing the district court. For example, the Court finds relevant that Mead had gained weight. Although weight gain could .support a finding the officials were not deliberately indifferent — because if Mead were gaining weight, then Mead was consuming sufficient calories — the weight gain could also support a finding the officials were deliberately indifferent. Mead not only has trouble chewing his food and suffered cuts, he also has diabetes, acid reflux, Hepatitis C, and high cholesterol. For these reasons, Mead’s weight gain could easily be attributable to inadequate nutrition because the officials failed to provide Mead dentures. Similarly, the Court finds relevant Mead’s statement he did not want a soft diet. Although this refusal could support a finding the officials were not deliberately indifferent — because any pain was insufficient to convince Mead to change his diet — Mead’s interest in avoiding a soft diet could be related to his nutritional needs based on his other health issues.
I believe the district court was correct in its determination that material factual disputes exist regarding the officials’ knowledge and conduct. Despite the officials arguing factual issues on appeal,[3] the Court finds jurisdiction exists and holds “Mead failed to prove that the defendants were deliberately indifferent to a serious medical need.” For this proposition, the Court relies on Curtiss v. Benson, 583 Fed.Appx. 598 (8th Cir.2014) (per curiam).
The reliance on Curtiss is misplaced. In Curtiss, the Eighth Circuit found the defendants did not know the plaintiff was in any pain or unable to obtain adequate nutrition. Id. at 598-99. This case is different: Mead reported discomfort from chewing as well as associated problems, such as acid reflux and cuts to his gums. As discussed above, Mead has put forth evidence which could support a finding he was unable to obtain adequate nutrition and the officials were deliberately indifferent in failing to accommodate his nutritional needs as a diabetic by failing to provide him with dentures. The law is clearly established that officials can act with deliberate indifference to an inmate’s serious medical need for dentures. See Campbell v. Dunham, No. 07-00567, 2010 WL 7361158 at *4-5 (S.D.Iowa Oct. 27, 2010) (surveying case law on dentures in deliberate indifference cases). Because it is clearly established dental needs may be recognized as a serious medical need in support of § 1983 deliberate indifference *939 claims, Boyd v. Knox, 47 F.3d 966, 969 (8th Cir.1995), and because factual disputes exist* about the seriousness of Mead’s dental needs and whether the officials were deliberately indifferent, I do not believe this Court can find, as a matter of law, Mead has failed to show deliberate indifference.
Accordingly, I would dismiss this case for lack of jurisdiction.

. I have identified at least four factual disputes raised by the officials in their briefs. First, the parties contest whether Mead’s lack of upper teeth had caused cuts to the gums. The officials acknowledge discomfort exists, but dispute whether there are any cuts. Second, the parties contest the reasonableness of requiring Mead to pay for his dentures. The officials argue no certain amount of savings are needed while Mead testified there was, at the time of his denture denial, a requirement of having $2000 in an account before release and he did not know if he would be punished under the new fiscal responsibility requirement. Third, the parties contest whether Mead has special dietary needs which would tend to support him needing dentures. The officials assert there is no medical evidence that Mead requires any particular type of special diet. Mead alleges he has special dietary needs because he has diabetes and Hepatitis C. Finally, the parties contest whether the officials were responsible for the denial of Mead's dentures. The officials argue they did not make the denture decision; Mead argues the officials created and enforced the denture rule.