# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2414

_____

| | |
|---|---|
| Timothy S. Wise, | * |
| | * |
| Appellant, | * |
| | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Arkansas. |
| Harley G. Lappin, Director, Bureau of | * |
| Prisons; T. C. Outlaw, Warden, | * [PUBLISHED] |
| FCI - Forrest City; Daryl Maune, | * |
| Captain, FCI - Forrest City; Reginald | * |
| Weeks, Executive Assistant, | * |
| FCI - Forrest City; Robbie Taylor, | * |
| Health Services Administrator, | * |
| FCI - Forrest City; Gary Bowers, | * |
| Associate Warden, FCI - Forrest City; | * |
| Amy Carlton, Associate Warden, | * |
| FCI - Forrest City; Hipolito Matos, | * |
| Clinical Director, FCI - Forrest City; | * |
| Dr., Originally Sued As Matos, | * |
| | * |
| Appellees, | * |
| | * |
| Angie Roach, Dentist, | * |
| FCI - Forrest City, | * |
| | * |
| Defendant, | * |
| | * |
| Niharika Shah, Health Services | * |
| Administrator, FCI - Forrest City, | * |
| Originally Sued As Shaw; Karin | * |
| Cunningham, Registered Nurse, | * |

FCI - Forrest City, Originally Sued       *
As Cunningham; Sheryl Phillips,           *
Registered Nurse, FCI - Forrest City,     *
Originally Sued As Phillips;              *
Rufo Refendor, Mid-Level                  *
Practitioner, FCI - Forrest City,         *
Originally Sued As Refender; Iris         *
Hamiltion, Clinical Nurse,                *
FCI - Forrest City, Originally Sued As    *
Hamilton; Does, Jane or John,             *
Employees - FCI - Forrest City;           *
Harrell Watts, Administrator, National    *
Inmate Appeals; G. Maldonado, Jr.,        *
Regional Director, B.O.P., South          *
Central Regional; Howard Barron, Unit     *
Manager, FCI - Forrest City, Originally   *
Sued As Barron,                           *
                                          *
        Appellees.                        *

_____

Submitted: January 6, 2012
Filed:  March 22, 2012

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Timothy S. Wise appeals following the district court's adverse grant of summary judgment in his action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). While Mr. Wise was housed at FCI-Forrest City, he filed a complaint in January 2008 seeking damages against three Bureau of Prisons officials and multiple FCI-Forrest City officials or employees. Mr. Wise raised an Eighth Amendment claim arising out of a delayed

consultation for his jaw injuries which in turn delayed necessary jaw surgery.[1] The summary judgment record reflects the following.

On July 26, 2007, when Mr. Wise was imprisoned in Texas, he required hospitalization after suffering fractures of his C-6 "spinous process," mandible (lower jaw), and nose. He also sustained soft-tissue injuries. After two months he was sent to an oral surgeon, who told him that he would need major jaw surgery, but not until an orthopedic surgeon cleared him, i.e., determined that the neck injuries had resolved. Early in 2008 an orthopedic surgeon told Mr. Wise that neck surgery was not medically necessary, and shortly thereafter Mr. Wise was transferred to FCI-Forrest City, where he remained from February 18 to August 6, 2008.

According to Mr. Wise, about four weeks after arriving at FCI-Forrest City, he started filing grievances about the lack of medical care, because he was hungry and losing weight: he found it difficult or impossible to chew solid food, his teeth barely touched on one side, and his jaw deformity caused nearly constant severe pain. Most of his sick-call requests had gone unanswered. Defendant Rufo Refendor, a physician's assistant (PA) who initially evaluated Mr. Wise at FCI-Forrest City, told Mr. Wise that he needed copies of medical records before determining what treatment was needed. Mr. Wise obtained the records and handed them to PA Refendor on April 3,[2] explaining the significance of certain documents, including a December 2007 dentist's note recommending that Mr. Wise see an oral surgeon after an orthopedist had determined that his neck injury was healed. A week later PA

_____

[1]On appeal Mr. Wise has abandoned his claims against dentist Angie Roach and about not receiving physical therapy and other treatment. See Watson v. O'Neill, 365 F.3d 609, 615 (8th Cir. 2004). Below he voluntarily dismissed defendant nurses Sheryl Phillips and Karin Cunningham.

[2]Mr. Wise testified at a hearing that he thought he gave the records to PA Refendor on March 7, but he later declared that the date was April 3.

Refendor returned the records and told Mr. Wise that he was looking into the matter. At some point he also told Mr. Wise that he did not believe his medical needs were serious because, among other things, he could talk. However, the jaw deformity was obvious, and PA Refendor admitted to Mr. Wise that the jaw was "far out of place."

According to PA Refendor, from the time that Mr. Wise arrived at FCI-Forrest City, he complained of jaw and other pain. PA Refendor reviewed medical records, which referred to an oral surgeon's note from November 2007 stating that surgery was not necessary. However, because of the continued reports of jaw pain, PA Refendor referred Mr. Wise to Dr. Angie Roach, a dentist, on April 10, 2008. It was not until he was preparing his declaration for defendants' summary judgment motion that PA Refendor noticed the handwritten dental note from December 2007 stating that Mr. Wise should be sent to an oral surgeon after his release from orthopedic care. Had he noticed this document, he would have referred Mr. Wise to Dr. Roach sooner.

Mr. Wise's evidence showed that before the April 10 referral to Dr. Roach, he filed detailed written requests addressed to defendant Hipolito Matos, a physician, whom he also named in his grievances, and he personally spoke to Dr. Matos about his "horrible pain" and inability to eat or chew properly. Dr. Matos admitted to Mr. Wise that his jaw was deformed, but told Mr. Wise that he was a "holdover" inmate and should have received treatment in Texas.

On April 30 Dr. Roach examined Mr. Wise and took x-rays. She observed a malocclusion and Mr. Wise's related inability to close the left side of his jaw properly. She opined that his condition was not an emergency, however, because his jaw had been fractured since July 2007 and had since healed improperly (an opinion shared by Dr. Matos). Dr. Roach referred Mr. Wise to an oral surgeon, who examined Mr. Wise on May 20, assessing a malunion of the jaw fracture resulting in malocclusion and pain. The oral surgeon documented Mr. Wise's reports that he could not chew solid foods, and recommended corrective surgery for proper occlusion

and to relieve his "TMJ pain." According to Mr. Wise, the oral surgeon expressed disbelief that it had taken so long for Mr. Wise to receive treatment for his jaw, and stated that surgery should be scheduled as soon as possible. Surgery occurred on June 6, and Dr. Roach opined that it was successful and resulted in a "class 1 (the best) bite."

Viewing the summary judgment record in the light most favorable to Mr. Wise, see Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008), we conclude that summary judgment was not proper as to PA Refendor and Dr. Matos. Mr. Wise's painful broken jaw constituted an objectively serious medical need, and the record reveals trialworthy issues as to whether PA Refendor and Dr. Matos both knew of the serious medical need and were deliberately indifferent to Mr. Wise's need for prompt treatment, i.e., corrective surgery. See id. (reviewing de novo grant of summary judgment; discussing elements of deliberate indifference claim). Mr. Wise gave PA Refendor his medical records, which showed that Mr. Wise was supposed to have been referred to an oral surgeon, and Mr. Wise had repeated conversations with PA Refendor and Dr. Matos about his dental issues and pain. The jaw deformity was obvious, and Mr. Wise complained not only of significant pain but also of difficulty eating. See Tlamka v. Serrell, 244 F.3d 628, 634 (8th Cir. 2001) (court must accept facts as recited in prisoner affidavits as true; determinations at summary judgment stage may not be based on weighing of evidence or on credibility determinations). Mr. Wise reported jaw pain from the time he arrived at FCI-Forrest City on February 18, yet it was not until April 10, almost two months later, that PA Refendor made the referral to Dr. Roach, who did not examine Mr. Wise until April 30; it was not until May 6 that the oral surgeon saw Mr. Wise; and surgery did not occur until June 6.[3]

---

[3]The summary judgment evidence does not include Mr. Wise's complete medical records. Thus, we cannot discern on this record whether PA Refendor or Dr. Matos was responsible for the almost two-month delay, following the April 10 dental referral, before Mr. Wise actually had his surgery.

See Boyd v. Knox, 47 F.3d 966, 968-69 (8th Cir. 1995) (3-week delay in dental care for infected and impacted tooth where swelling and pus were assessed, coupled with knowledge of inmate's suffering, can support finding of Eighth Amendment violation); Patterson v. Pearson, 19 F.3d 439, 440 (8th Cir. 1994) (per curiam) (summary judgment reversed where there was evidence that dentist learned of inmate's tooth-related swelling, headache, and severe pain on March 19, but did not remove tooth until April 15).

As to the remaining defendants, Mr. Wise offered no evidence in support of his claims against some of them, and his claims against the others sounded in negligence or were based on respondeat superior. See Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (discussing supervisory liability under § 1983); Williams v. Jackson, 600 F.3d 1007, 1014 (8th Cir. 2010) (deliberate indifference claim requires showing more than even gross negligence); Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam) (Bivens claims and claims under 42 U.S.C. § 1983 involve same analysis); Berryhill v. Schriro, 137 F.3d 1073, 1077 (8th Cir. 1998) (this court may affirm summary judgment decision on any basis supported by record). Accordingly, we affirm the grant of summary judgment as to all defendants except PA Refendor and Dr. Matos; as to these defendants, we reverse and remand for further proceedings consistent with this opinion.

_____