# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3856

_____

Kyle A. Roberts

*Appellant*

v.

George A. Lombardi; Corizon, Inc.; Ricky Jones; Robert Graham; Dr. Gregory Pronoud; Stephanie Novak; Michael Hakala; Jeffrey Norman

*Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: May 28, 2013
Filed: June 11, 2013
[Unpublished]

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Kyle Roberts appeals the district court's pre-service dismissal of his pro se 42 U.S.C. § 1983 complaint, which named numerous Department of Corrections (DOC) officials, employees, and contractors in their official and individual capacities. His claims arose from the care he received following an

incident at the Southeast Correctional Center where, in August 2010, another inmate broke his jaw in three places. The gist of Mr. Roberts's many, difficult-to-decipher filings is that, although he was treated immediately after the incident, his jaw healed out of alignment, disfiguring him and causing pain, and prison and medical staff members have since refused to provide him treatment for this condition.

Upon careful review of the lengthy record, we conclude that the district court correctly determined that Mr. Roberts's complaint failed to state a claim for damages under section 1983, because he did not describe specific conduct by any defendant that denied him necessary treatment. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 because plaintiff did not allege defendant was personally involved in or had direct responsibility for incidents that injured him); Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (mere negligence does not support Eighth Amendment violation). The court also correctly determined that Mr. Roberts's respondeat superior, failure-to-protect, failure-to-train, and failure-to-follow-policy claims failed. See Lenz v. Wade, 490 F.3d 991, 995 (8th Cir. 2007) (elements of failure-to-protect claim); Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (elements of failure-to-train claim); Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for prison policy violation); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory unavailable under § 1983). It is also true that Mr. Roberts cannot pursue damages claims against state employees in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 & n.10 (1989) (state officials acting in official capacity are not persons under § 1983 when sued for damages).

Mr. Roberts repeatedly requested injunctive relief, however, and we believe his complaint should have been liberally construed as seeking prospective injunctive relief from the defendants in their official capacities. See Monroe v. Ark. State. Univ., 495 F.3d 591, 594 (8th Cir. 2007) (state officials may be sued in their official

capacities for prospective injunctive relief). We also conclude that his allegations were sufficient to state a deliberate-indifference claim, because he said his condition causes pain and interferes with his eating and sleeping; that at least one doctor recommended treatment; and that he was told that treatment of his condition would be expensive, suggesting that it would be denied for this reason. See Wise v. Lappin, 674 F.3d 939, 941 (8th Cir. 2012) (per curiam) (broken jaw constituted objectively serious medical need; reversing grant of summary judgment where defendant knew inmate was supposed to have been referred to oral surgeon and had conversed with inmate about dental issues and pain, and jaw deformity was obvious, but defendant did not refer inmate to oral surgeon until two months later); Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990) (choice of easier and less efficacious course of treatment can constitute deliberate indifference); cf. Chance v. Armstrong, 143 F.3d 698, 703-04 (2d Cir. 1998) (action improperly dismissed for failure to state claim where inmate alleged dentists recommended extraction not based on their medical views, but because of monetary incentives). In 2012, Roberts was transferred to the South Central Correctional Center. Thus, his claims for injunctive relief are moot as to all defendants except for DOC Director George Lombardi. See Randolph v. Rodgers, 253 F.3d 342, 345-46 (8th Cir. 2001) (since defendant-prison officials were employed in different facility than that to which inmate was transferred, inmate's claims for prospective injunctive relief were "of no consequence" and thus moot; action could proceed against official with authority over entire DOC because injunction would have effect no matter where in DOC inmate seeking injunction was incarcerated).

Accordingly, we grant Mr. Roberts in forma pauperis status, we reverse and remand as to his claims for injunctive relief against DOC Director Lombardi in his official capacity only, and we affirm as to all other claims and defendants. We note that, in his complaint, Mr. Roberts indicated that he is "paranoid [schizophrenic] and cannot make decisions [him]self," and that despite multiple opportunities to amend

his complaint, he had difficulty making his allegations coherent.  Accordingly, we direct the district court, on remand, to appoint counsel for Roberts.

_____