# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-2124

———————————————

James Bennett

*Plaintiff - Appellant*

v.

Richard H. Miles, President, CMS; Sally Powers, Vice President, CMS; Leon
Vickers, Health Administrator; Stormi Moeller, Director of Nursing, JCCC, CMS;
Gerald Jacobsen, Regional Manager, CMS; Jewel Cofield, Official Regional
Administrator; Elizabeth Conley, D.O. Regional Medical Director, CMS; John J.
Treu, General Counsel, CMS; Dr. Haas, CMS; Dr. Sands; Dr. Rex Hardman; Edith
Vogel, Nurse, CMS; Correctional Medical Services; Dr. Thomas Baker, M.D.,
Associate Medical Director, CMS; Pamala S. Swartz; Nanette M. Wavre; Martha
R. Nolt

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

——————————

Submitted: January 6, 2015
Filed: February 27, 2015
[Unpublished]

——————————

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

——————————

PER CURIAM.

Inmate James Bennett appeals following the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We affirm in part, reverse in part, and remand for further proceedings. Bennett brought the instant suit in July 2010. In his amended complaint, he sought damages and injunctive relief against Correctional Medical Services (CMS); Drs. Thomas Baker, Rex Hardman, and Harry Haas; Nurse Edith Vogel; and Health Services Administrator (HSA) Leon Vickers.[1] Claiming Eighth Amendment violations, he alleged that he had reported serious symptoms from 2005 through 2007, but it took two years for defendants to make a correct diagnosis of the cause for his symptoms, and that he had suffered permanent nerve damage despite undergoing surgery.

We find no basis for reversing most of the orders Bennett challenges on appeal. Specifically, we conclude the district court did not err in granting summary judgment to Nurse Vogel and HSA Vickers because Bennett did not adequately counter their supporting evidence. See Barber v. C1Truck Driver Training, LLC, 656 F.3d 782, 791 (8th Cir. 2011) (nonmovant must set forth specific facts sufficient to raise genuine issue for trial, and may not rely upon mere denials or allegations). We also conclude the district court did not err in denying his motion to compel production of documents, see Kilpatrick v. King, 499 F.3d 759, 766 (8th Cir. 2007) (reviewing for gross abuse of discretion denial of motion to compel), or in denying without prejudice his motions for counsel, see Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (there is no constitutional or statutory right to counsel in civil cases; listing relevant criteria), although we ask the district court to reconsider on remand whether appointment of

---

[1]Bennett does not sufficiently raise on appeal the district court's preservice dismissal of defendants Richard Miles, Sally Powers, Stormi Moeller, Gerald Jacobsen, Jewel Cofield, Dr. Elizabeth Conley, John Treu, Dr. Sands, Pamala Swartz, and Martha Nolt, see Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013); and he does not mention on appeal defendant Nanette Wavre, who was never served, see Young v. Mt. Hawley Insurance Co., 864 F.2d 81, 83 (8th Cir. 1988) (per curiam) (where only unserved defendant remains in action, order disposing of claims against served defendants is final appealable order).

counsel is warranted on the remaining claims.  Further, contrary to Bennett's suggestion on appeal, he did not move for appointment of a medical expert, but merely mentioned his alleged need for an expert in his last motion for counsel.

We conclude, however, that questions of fact remained on Bennett's deliberate indifference claims against Drs. Haas, Baker, and Hardman arising from his cervical spondylitic myelopathy.[2]  See Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014) (reviewing *de novo* grant of summary judgment, viewing evidence in light most favorable to nonmoving party and drawing all reasonable inferences in his favor); Wise v. Lappin, 674 F.3d 939, 941 (8th Cir. 2012) (per curiam) (determinations at summary judgment stage may not be based on credibility findings or weighing of evidence).  First, there were conflicts between the physicians' evidence–their attestations and declarations, and the medical record entries they offered in support– and Bennett's attestations regarding his symptoms and complaints when he saw the physicians; and those conflicts were sufficient to raise questions of fact as to whether the physicians' actions or failures to act constituted deliberate indifference.  See Fourte v. Faulkner County, Ark., 746 F.3d 384, 387 (8th Cir. 2014) (inmate must show that he suffered from objectively serious medical need defendants knew of but disregarded; deliberate indifference may be found where medical care is so inappropriate as to show intentional maltreatment).  Second, the assessments and recommendations of outside orthopedist John Spears after Bennett's initial visit in November 2007 indicated that the pressure on Bennett's cervical spinal cord needed immediate attention to prevent further and permanent damage, suggesting that the pressure he had been experiencing had already caused damage; and Dr. Spears's January 2010 note describing Bennett's permanent neurological impairments two

---

[2]Cervical spondylitic myelopathy is pressure on the spinal cord itself from degenerative changes, which can keep the brain from receiving sensory information or transmitting information to the voluntary muscles.  Symptoms include clumsiness and difficulties ambulating.  See Julia Barrett, Cervical Spondylosis, in 2 The Gale Encyclopedia of Medicine 923-24 (Laurie J. Fundukian et al., eds., 4th ed. 2011).

years after undergoing cervical surgery supported Bennett's allegation that he suffered detrimental effects from the delay in diagnostic testing and the outside consultation. See Moots v Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006) (inmate complaining of delay in treatment must offer verifying medical evidence showing that delay had detrimental effect). Third, certain documents in the record indicated that Bennett's deteriorating condition was obvious to laypersons or could have been diagnosed earlier: declarations from three other inmates described his deteriorating condition since 2005; a medical record entry supported his verified allegations that in November 2006 prison staff informed medical staff that Bennett had been moved to a bottom bunk on the bottom walk and then to a handicapped cell, and also showed that prison staff had requested a medical assessment of Bennett's need for accommodations; and a nurse practitioner's notation documenting abnormal findings when she saw Bennett a few weeks after he saw Dr. Baker in October 2007 casts doubt on the declarations or attestations of the doctors that Bennett's condition was not diagnosable earlier. See Vaughn v. Gray, 557 F.3d 904, 909 (8th Cir. 2009) (factfinder may determine that defendant deliberately disregarded serious medical need of which he was actually aware from very fact that medical need was obvious); Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004) (where conditions inmate described would have been obvious to layperson, there was no need for inmate to submit verifying medical evidence to show detrimental effects of alleged delay in treatment); see also Wise, 674 F.3d at 941 (court must accept as true facts stated in prisoner affidavits). We note that while the district court found, in granting summary judgment, that Bennett had misstated his medical condition, Bennett offered a reasonable explanation below that, as a layperson, he did not fully understand Dr. Spears's explanation of his spinal condition, and the record showed that at one point multiple sclerosis was considered as a possible diagnosis.

Finally, while we agree with the district court that Bennett did not state a claim against CMS in his complaint, see Jackson v. Nixon, 747 F.3d 537, 540-41 (8th Cir. 2014) (reviewing *de novo* 28 U.S.C. § 1915A dismissal); Sanders v. Sears, Roebuck

& Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporate liability under § 1983), because Bennett's added allegations in a supplement he offered with a motion for reconsideration appear sufficient to state a claim against CMS, cf. Burke v. N. D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (allegations against corporation providing prison medical care that its hepatitis C treatment protocol and its doctors' complicity with prison medical director's actions were damaging to inmate's health stated § 1983 claim), we ask the district court on remand to revisit its ruling on Bennett's motion for reconsideration.

Accordingly, we reverse the district court's grant of summary judgment to the physician defendants, and in all other respects we affirm. We remand the case for further proceedings consistent with this opinion.

_____