NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4640
_____

ANTHONY L. TENON,

Appellant

v.

WILLIAM DREIBELBIS, Corrections Health Care Administrator; RONALD LONG,
Medical Doctor; JOSH MAHUUT, Physician Assistant; SEAN TYSON, Physician
Assistant; DOCTOR AGAWAL, S.C.I. Smithfield Doctor; DOCTOR LONG
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-01278)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2015

Before:  CHAGARES, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: March 31, 2015)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Anthony Tenon seeks review of the District Court's orders dismissing his civil rights action against several defendants and awarding summary judgment to the remaining defendants. For the reasons discussed below, we will affirm in part, vacate in part, and remand for further proceedings.

Tenon, a Pennsylvania state prisoner, filed suit pursuant to 42 U.S.C. § 1983 against William Dreibelbis, a health care administrator at the State Correctional Institution at Smithfield (SCI-Smithfield), Dr. Ronald Long and Dr. Agawal, both physicians, and two physician assistants, Josh Mahute[1] and Sean Tyson, all employed at SCI-Smithfield. On July 16, 2010, Tenon suffered a diabetic seizure in his prison cell, causing him to fall and fracture his jaw. In his complaint, he alleges that the defendants were deliberately indifferent to the serious medical needs stemming from his injury, causing him to suffer severe, unnecessary pain and permanent disfigurement, and thereby violating his civil rights. Tenon also asserts a state law claim for negligence.

The Magistrate Judge initially screened the complaint pursuant to 28 U.S.C. § 1915A and recommended dismissing all of the claims without prejudice for failure to state a claim, except those against defendant Drebeilbis. In response, Tenon filed an amended complaint. The Magistrate Judge issued a Report and Recommendation (R&R), which the District Court adopted as its opinion, dismissing the § 1983 claims against Tyson, Mahute and Dr. Agawal with prejudice and declining to exercise supplemental

---

[1] Josh Mahute's name is misspelled as "Mahuut" in the caption and throughout Tenon's

2

jurisdiction over the state law claims. The case then proceeded against defendants Dreibelbis and Long; after discovery, the District Court granted summary judgment in their favor. This appeal ensued.[2]

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's sua sponte dismissal under the PLRA is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We exercise plenary review over an order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

I.

Tenon alleges that, immediately after his injury, he was examined by Defendant Mahute. Tenon complained that he could not open his jaw and that it was causing him excruciating pain. After concluding that the jaw was likely broken, Mahute ordered an x-ray, and prescribed Motrin and a "soft diet."[3] There appears no dispute that Tenon never

pleadings.

[2] Tenon has waived his right to appeal the District Court's decision to decline supplemental jurisdiction over the state law claims. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (issues not raised in an opening brief are deemed waived); see also LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (although "appellate courts generally do not hold pro se litigants rigidly to the formal briefing standards . . . we need not manufacture claims of error for an appellant proceeding pro se, especially when he has raised an issue below and elected not to pursue it on appeal.").

[3] Throughout his complaint, Tenon incorrectly refers to the diet ordered by Mahute as a

received the soft diet. On July 22, 2010, six days after the injury, Tenon's jaw was x-rayed; he was also examined and informed by defendant Tyson that he had a single fracture to his jaw. Tenon informed Tyson that he was unable to eat because he had not yet received the soft diet. Tyson responded that the soft diet was likely delayed because of "paperwork." On July 29th, Tenon was examined by Dr. Agawal. Tenon reiterated his complaint that he had yet to receive a soft diet, and complained to Agawal that the Motrin was ineffective for the pain. According to Tenon, Agawal confirmed the fracture and informed Tenon that he would be scheduled for surgery.

The record indicates that Tenon made additional efforts to seek relief for his pain and obtain a soft diet. On July 30, 2010, he submitted a "Sick Call Request" to the medical department, requesting to be seen by a physician's assistant because the pain medication for his "broken jaw" was "not working at all." There was no response to this request. On August 5, 2010, he submitted an "Inmate Request Slip to Staff Member" addressed to defendant Long, complaining that his previous sick call request went unheard, and that he was unable to sleep or eat because of the "extreme pain" in his broken jaw and the delay in getting it fixed. According to Tenon, there was no response. On August 14th, nearly one month after his injury, Tenon filed a second "Sick Call Request" to the medical department seeking "stronger pain medication" because the "Motrin is not working at all." On August 19, he filed another "inmate request" with Defendant Long, outlining the lack of medical treatment and severe pain, and inquiring

_____

"liquid," rather than a soft diet.

4

about getting his jaw fixed. On that date, he also filed an official grievance with the prison, detailing his pain and lack of medical care. He was transported five days later to the Medical Hospital of S.C.I. Pittsburgh, where he was examined by Dr. Chung, a maxillofacial specialist. Dr. Chung allegedly informed Tenon that he sustained three fractures to his jaw, two on the left and one on the right, but that the right fracture had already started to fuse on its own. On September 17, 2010, Dr. Chung surgically repaired Tenon's left jaw.

In his complaint, Tenon alleges that he was denied the soft diet by the dining hall and forced to try to eat solid foods because "either Defendant Mahuut (sic) did not place the [soft diet] order" or "Defendant Dreibelbis did not approve" it. As a result of his "[im]proper diet," his "diabetes and blood sugar levels [were] out of whack causing sickness." He further alleges that defendants Mahute and Tyson failed to respond to his sick call requests, Dr. Long failed to respond to his direct inmate requests, and Dr. Agawal failed to address his complaints regarding the severity of his pain and improper diet. He maintains that, as a direct result of the delay in treatment, the fracture on the right side of his jaw healed improperly, leaving him with a permanent crooked jaw line, which prevents him from chewing properly.

II.

The Prison Litigation Reform Act (PLRA) requires courts to dismiss a prisoner civil rights suit if the action is frivolous or does not state a claim upon which relief may be granted. 28 U.S.C.A. § 1915A(b)(1) & (2). To avoid dismissal, the facts as plead must

5

"state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citation omitted). To state a claim for a violation under the Eighth Amendment, Tenon must allege "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). To succeed on his claim, the first prong requires Tenon to establish that objectively the deprivation of a basic human need was "sufficiently serious." Under the second prong, he must prove that, subjectively, the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The District Court properly concluded that his fractured jaw, and resulting pain, constituted an objectively serious medical need. See Wise v. Lappin, 674 F.3d 939, 941 (8th Cir. 2012) (finding that "a painful broken jaw constituted an objectively serious medical need"). The District Court dismissed the claims against defendants Mahute, Tyson, and Agawal, finding that Tenon failed to allege facts sufficient to demonstrate that they were deliberately indifferent to this serious medical need.

We agree with the District Court that the allegations against Tyson do not support an inference that he acted with deliberate indifference. Nearly a week after the injury, Tyson examined Tenon and informed him that, as confirmed by the x-ray, his jaw was fractured. He put Tenon on the "sick call list" to be seen by a medical doctor. In response to Tenon's complaint that he had not yet received the soft diet, Tyson indicated that the delay could be the result of "paperwork." Tenon does not allege that he followed

6

up directly with Tyson regarding the lack of soft diet or any other medical care; his "sick call request" was not directed to Tyson or any specific medical provider. It cannot plausibly be inferred from these facts -- which suggest that Tyson believed that the soft diet was ordered -- that he was deliberately indifferent to Tenon's medical needs. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (a person acts with deliberate indifference when "he knows of and disregards an excessive risk to inmate health or safety"); see also Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (to survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible).

With respect to Mahute, the District Court noted that he provided immediate and proper care to Tenon on the day he was injured. It concluded that Tenon failed to allege facts to support a claim that, after that date, Mahute was aware he was being denied adequate medical care. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The District Court neglected to address the claim, added to the amended complaint, that Mahute failed to order the soft diet. This allegation was sufficient to state a claim for relief, particularly where it is alleged that Mahute believed at the time that the jaw was broken. See Estelle, 429 U.S. at 103 (The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose."); Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (finding deliberate indifference "where prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of

7

tangible residual injury"); McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999) ("A core principle of the Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness."). However, the summary judgment record, which includes a "Healthy Therapeutic Diet Order Form" and a "Physician's Order Form," both signed by Mahute, clearly establishes that Mahute ordered a soft diet for Tenon. Because it is clear the claim could not survive judgment as a matter of law, we will not disturb the District Court's order dismissing it.

In dismissing the claim against Dr. Agawal, the District Court noted that, according to the complaint, Tenon told Agawal the Motrin was "effective" in treating the pain. This was clearly a typographical error by Tenon. In addition to the delay in surgery, the crux of Tenon's claims -- made clear throughout the complaint and its attachments – is that the Motrin was *ineffective* in treating his pain.[4] See U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (in determining whether a complaint states a claim for relief, courts accept as true the allegations in the complaint and its attachments, as well as reasonable inferences construed in the light most favorable to the plaintiffs). Indeed, the R&R then acknowledges that Tenon asked Dr. Agawal for "stronger pain medication" for his "severe jaw pain," a request which would belie an

---

[4] For example, the Sick Call Request, dated July 30, 2010, the day after Tenon was seen by Dr. Agawal, states that he needs "stronger pain medication" because the "[M]otrin is not working at all."

assertion that the medication was effective. Furthermore, it was Dr. Agawal who confirmed that Tenon required surgery for his jaw fracture. In the face of that knowledge and the knowledge that it had been nearly two weeks since the injury, yet the prescribed soft diet had not been provided, Tenon's allegations that Agawal failed to respond to his claims for stronger pain medication for his "excruciating pain" are sufficiently serious to support an Eighth Amendment claim. See Estelle, 429 U.S. at 103; Rouse, 182 F.2d at 197 (deliberate indifference is demonstrated where "a prison official . . . knows of a prisoner's need for medical treatment but intentionally refuses to provide it"). Accordingly, the District Court erred in dismissing the claims against Dr. Agawal.

III.

The remaining question is whether the summary judgment record established that defendants Long and Dreibelbis were deliberately indifferent to Tenon's serious medical need "by intentionally denying or delaying medical care." Giles v. Kearney 571 F.3d 318, 330 (3d Cir. 2009).

In granting summary judgment to defendant Long, the District Court concluded that his "only involvement in the treatment of Plaintiff's jaw injuries was that Plaintiff sent him two request slips." It further concluded that, because Tenon "had been fully evaluated by the prison medical staff, and a course of treatment had been recommended[, a]ny failure of Defendant Long to provide treatment beyond the basic medical care mandated by the Eighth Amendment speaks more to the adequacy of the medical care

9

than the absolute denial of medical care alleged by Plaintiff, and as such is not a viable Eighth Amendment claim." We disagree with the District Court's disposition of this claim for two reasons. First, it mischaracterizes Tenon's claim. Contrary to the District Court's conclusion, Tenon's claim is not a dispute over the adequacy of the treatment or the need to pursue one course of treatment over another, either of which generally fails to state a claim for relief under the Eighth Amendment. See United States v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) ("When a prisoner had received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (quotation marks omitted). Rather, the gravamen of Tenon's claim against Long is that a *prescribed* course of treatment – a soft diet and surgery – were not being provided, and that he was needlessly suffering pain as a result. Such a claim is cognizable under the Eighth Amendment. See White v. Napoleon, 897 F.2d 103, 109 -10 (3d Cir. 1990) (prison officials are deliberately indifferent to a prisoner's serious medical needs when they "intentionally deny[ ] or delay[ ] medical care or *intentionally interf[ere] with the treatment once prescribed*") (citing Estelle, 429 U.S. at 104) (emphasis in original) (citations omitted)); Berry v. Peterman, 604 F.3d 435 (7th Cir. 2010) (8-week delay in providing effective treatment for dental pain is actionable); see also Boyd v. Knox, 47 F.3d 966, 968–69 (8th Cir.1995) (3–week delay in dental care for infected and impacted tooth where swelling and pus were assessed,

10

coupled with knowledge of inmate's suffering, can support finding of Eighth Amendment violation).

Second, as the moving party, Long has the burden to demonstrate that there is no genuine issue of fact. Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 190 F.2d 817, 824 (3d Cir. 1951). The only evidence presented in support of the motion was a copy of Tenon's deposition. According to Long, the deposition demonstrates that Tenon was receiving "ongoing medical care" and, therefore, any failure to respond to the medical requests does not demonstrate deliberate indifference. The "ongoing medical care" Long refers to is Tenon being seen by Mahute, Tyson, and Agawal, and being recommended for surgery. Tenon had alleged that despite these "medical interventions," as Long refers to them, he did not receive the prescribed care. The deposition does not negate that contention. The Inmate to Staff Requests are probative evidence that Dr. Long was aware of Tenon's complaints and, absent any evidence to the contrary – which Dr. Long failed to provide − is sufficient to create a genuine issue of fact. Viewing the evidence in the light most favorable to Tenon, as we must, we cannot agree with the District Court that summary judgment was warranted.[5]

A § 1983 action cannot be premised on a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Defendant Dreibelbis must have

_____

[5] Dr. Long argued that the claims against him should be dismissed for failure to exhaust administrative remedies because Tenon failed to name him in his grievance. We agree with the District Court that Tenon has overcome this procedural default because the Initial Review Response to the grievance clearly indicates that Long was put on notice of the claim. See Williams v. Bear, 482 F.3d 637, 640 (3d Cir. 2007).

personal involvement, including participation, or actual knowledge and acquiescence, to be liable. Id. Tenon alleged that Dreibelbis had direct knowledge of his serious medical injury but failed to approve the prescribed treatment and unreasonably delayed the recommended treatment. We agree with the District Court that Dreibelbis met his burden to demonstrate that there is no genuine issue of fact regarding whether he was deliberately indifferent to Long's medical needs. In support of his motion for summary judgment, Dreibelbis included an affidavit in which he averred that, as the Corrections Health Care Administrator (CHCA), he was responsible for the "overall *administrative* operation of the Health Care Department at SCI-Smithfield" but was "not responsible for overseeing and approving the findings and recommendations of doctors and physicians assistants regarding treatment, medication or diets." Dreibelbis Aff., ¶¶ 2, 4. He indicated that "Corizon," a medical company that contracts with the DOC for medical services, was responsible for approving all physicians' orders and scheduling surgeries. Id. at ¶¶ 5, 17. Dreibelbis' sole involvement appears to be in reviewing Tenon's administrative complaint related to this suit. Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim. See Dellarciprete, 845 F.2d at 1208. Accordingly, summary judgment was warranted on this claim.[6]

---

[6] Dreibelbis stated that the scheduling of the surgery was to be done by the "Corizon Clinical Coordinator," and approved by "Corizon Clinical Review." Dreibelbis Aff., ¶17. On remand, Tenon may wish to again seek leave to amend the complaint to name the proper defendants. Allowing any such amendment is, of course, within the discretion of

12

Based on the foregoing, we will affirm the dismissal of the claims against defendants Tyson and Mahute, and the grant of summary judgment in favor of defendant Dreibelbis. We will vacate the dismissal of the claims against Dr. Agawal, and the grant of summary judgment in favor of defendant Long, and remand for further proceedings on those claims.[7]

---

the District Court.

[7] In its August 22, 2012 order, the District Court declined to appoint Tenon counsel, after finding that he could present his own case. We agree with its assessment at that time, and find no abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993) ("The plaintiff's ability to present his or her case is, of course, a significant factor that must be considered in determining whether to appoint counsel."). That said, the District Court indicated its willingness to revisit this issue in the future. Given the present stage of the case, and the medical evidence that may be involved, the Court may wish to again consider the Tabron factors on remand. We take no position on whether that request should be granted.