# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3111

_____

Aaron Anthony Flemons

*Plaintiff - Appellant*

v.

John Devane, Jail Administrator, Sebastian County Detention Center; Ms. Jackson, Assistant Jail Administrator, SCDC; Miller, Jail Administrator, SCDC; Sgt Taulbee

*Defendants - Appellees*

Steele, Shift Supervisor; Hobbs, Deputy; Woods, Deputy

*Defendant*s

Partain, Deputy; Frazier, Deputy

*Defendants - Appellees*

LPN S. Overstreet; John Doe, Security; Bunn, Deputy; Fuller, Deputy

*Defendant*s

Bates, Deputy; Adams, Deputy; Curry, Deputy

*Defendants - Appellees*

Lindberg, Deputy

*Defendant*

Dumas, Deputy

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: October 7, 2019
Filed: October 11, 2019
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In this 42 U.S.C. § 1983 case, Aaron Flemons—an inmate currently in the custody of the Arkansas Department of Correction, and formerly confined as a convicted prisoner at the Sebastian County Detention Center (SCDC)—appeals the magistrate judge's denial of his motion for appointed counsel, and the district court's subsequent adverse grant of summary judgment on his Eighth Amendment claims, which related to two incidents that occurred while he was confined at SCDC. Also pending are his motions for appointed counsel, and to submit new evidence.

Initially, we conclude that we lack jurisdiction to review the magistrate judge's denial of Flemons's motion for appointed counsel because he did not object in the district court. See McDonald v. City of St. Paul, 679 F.3d 698, 709 (8th Cir. 2012)

(under Fed. R. Civ. P. 72(a), after magistrate issues order on nondispositive pretrial matter, party may serve and file written objections within 14 days; party may not assign as error defect not objected to); Daley v. Marriott Int'l, Inc., 415 F.3d 889, 893 n.9 (8th Cir. 2005) (when parties do not consent to final disposition by magistrate, this court lacks jurisdiction to consider direct appeal of magistrate's order on nondispositive pretrial matter).

As to the merits, we first note that—because all of the defendants directly involved in the first incident were dismissed for lack of service, and because Flemons has not offered any meaningful argument as to the merits of that dismissal on appeal—his claims as to that incident are limited to failure-to-train and failure-to-supervise claims against the SCDC administrators. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (points not meaningfully argued on appeal are waived). Next, we conclude that the district court did not err in granting summary judgment on Flemons's failure-to-train and failure-to-supervise claims against the SCDC administrators based on both incidents. See Wise v. Lappin, 674 F.3d 939, 941 (8th Cir. 2012) (de novo review of grant of summary judgment). Specifically, Flemons did not create a genuine dispute as to whether any of the defendants acted pursuant to a county policy or custom, or whether the administrators were deliberately indifferent in failing to train or supervise the other defendants. See Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010) (official-capacity suit against public official is actually suit against entity); see also Mick v. Raines, 883 F.3d 1075, 1079 (8th Cir. 2018) (municipality can be liable under § 1983 if constitutional violation resulted from municipal policy, custom, or deliberately indifferent failure to train or supervise). Similarly, the administrators were entitled to summary judgment in their individual capacities, as there was no evidence showing that they failed to supervise adequately the other defendants, or that they were deliberately indifferent to any inadequacies in the other defendants' training. See Brockinton v. City of Sherwood, 503 F.3d 667, 673 (8th Cir. 2007) (standard of liability for municipal failure-to-supervise claim is "demonstrated deliberate indifference or tacit authorization of the

offensive acts"); Larkin v. St. Louis Hous. Auth. Dev. Corp., 355 F.3d 1114, 1117 (8th Cir. 2004) (to survive summary judgment on failure-to-train claim, plaintiff must show that need for training was patently obvious, or that pattern of misconduct indicated responses to regularly recurring situation were insufficient).

As to the second incident, we conclude that the district court properly granted summary judgment on Flemons's failure-to-protect claims, as there is no indication any of the defendants knew that he faced a substantial risk of harm or that they were deliberately indifferent to that risk. See Patterson v. Kelley, 902 F.3d 845, 851 (8th Cir. 2018) (to prevail on failure-to-protect claim, inmate must show that he faced substantial risk of harm, and that prison official was deliberately indifferent to that risk). We further conclude that summary judgment was properly granted on Flemons's failure-to-intervene claim, as there was no indication that any of the deputies failed to intervene when Frazier allegedly attacked Flemons, or that they could have prevented him from falling immediately after he was tased. See Krout v. Goemmer, 583 F.3d 557, 565 (8th Cir. 2009) (officer may be liable under § 1983 if he is aware another officer is using excessive force and duration of episode is sufficient to permit inference of tacit collaboration). In addition, we conclude that the district court properly granted summary judgment on Flemons's excessive-force claim against Deputy McCollum because the video of the second incident shows beyond genuine dispute that the force McCollum used while handcuffing Flemons was a good-faith effort to maintain or restore discipline. See Wilkins v. Gaddy, 559 U.S. 34, 36-39 (2010) (per curiam) (in excessive-force claim, core judicial inquiry is whether force was used in good-faith effort to maintain or restore discipline, or was instead used maliciously and sadistically to cause harm); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (discussing relevant factors).

We conclude, however, that summary judgment was not proper on Flemons's individual-capacity, excessive-force claims against Frazier and Partain. As to these claims, the district court based its grant of summary judgment, at least in part, on facts

that were genuinely disputed, and did not credit Flemons's version of the aspects of the second incident that were not depicted in the video evidence. See Wise, 674 F.3d at 941; cf. Scott v. Harris, 550 U.S. 372, 380 (2007). The video evidence in the summary judgment record does not show the events that led up to the second incident or Partain tasing Flemons; and it does not conclusively disprove Flemons's version of those aspects of the second incident, as described in his verified complaint and the affidavit he submitted with his summary judgment response. See Thompson v. City of Monticello, 894 F.3d 993, 997-98 (8th Cir. 2018) (affirming denial of summary judgment based on qualified immunity on excessive-force claim because, inter alia, video captured only part of incident, did not clearly show key facts, and did not conclusively disprove plaintiff's version of incident); cf. Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 682 (8th Cir. 2012) (verified complaint is equivalent of affidavit for summary judgment purposes).

Accordingly, we reverse the district court's grant of summary judgment on Flemons's individual-capacity, excessive-force claims against Frazier and Partain; affirm in all other respects; and remand for further proceedings. Flemons's motions are denied as moot.

_____